[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The state of Ohio appeals from the order of the trial court granting defendant-appellee Ryan Baker's application for expungement of his conviction for aggravated assault under R.C. 2903.12. In its sole assignment of error, the state argues that the trial court erred in granting Baker's application for expungement because R.C. 2953.36(C) prohibits trial courts from expunging convictions for felony "offenses of violence." We agree.
The expungement or sealing of a person's record of conviction is governed by R.C. 2953.31 through 2953.36. R.C. 2953.36 provides that the conviction records of some offenders cannot be sealed. In particular, R.C. 2953.36(C) provides that R.C. 2953.31 through 2953.35 do not apply to convictions for an "offense of violence" that is a felony. R.C.2901.01(A)(9)(a) defines an "offense of violence" as a violation of section * * * 2903.12. Furthermore, a conviction under R.C. 2903.12 is a fourth-degree felony.[1]
In this case, the record reflects that Baker pleaded guilty to aggravated assault in violation of R.C. 2903.12, a fourth-degree felony, and was sentenced to one and a half years' incarceration. Under the plain language of R.C. 2953.36(C), Baker is not entitled to an expungement of his conviction because aggravated assault is both an "offense of violence" as defined in R.C. 2901.01 and a felony.[2] As a result, the trial court had no authority to seal Baker's criminal record.
We, therefore, reverse the order of the trial court and remand this case for the recording of an entry denying Baker's application for expungement.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2903.12(B).
[2] See State v. Barnett (May 24, 2001), Cuyahoga App. No. 78941, unreported.